**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-61334-MIDDLEBROOKS/AUGUSTIN-BIRCH**

**AXEL GEOVANNY SANCHEZ-**
**TOLEDO,**

       **Petitioner,**

**v.**

**CYNTHIA SWAIN, WARDEN,**
**BROWARD TRANSITIONAL CENTER,**
*et al.*,

       **Respondents.**

_____/

**REPORT AND RECOMMENDATION ON**
**PETITION FOR WRIT OF HABEAS CORPUS**

This cause comes before the Court on Petitioner Axel Geovanny Sanchez-Toledo's Petition for Writ of Habeas Corpus.  DE 1.  The Honorable Donald M. Middlebrooks, United States District Judge, referred the Petition to the undersigned United States Magistrate Judge to take all action required by law.  DE 4.  Respondents filed a response to the Petition.  DE 7.  The Court has carefully considered the briefing and the record and is otherwise fully advised.

Petitioner contends that he is being held at the Broward Transitional Center under an immigration detainer and has been denied a bond hearing.  He maintains that his continued detention violates the Immigration and Nationality Act and his constitutional rights.  Respondents "do not oppose Petitioner's claim that he should be provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)."  DE 7 at 2; *see* 8 U.S.C. § 1226(a)(2)(A); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, Nos. 25-14065, 25-14075, 2026 WL 1243395, at *15 (11th Cir. May 6, 2026) (explaining that "the provisions of § 1226 set out a general rule of detention for

aliens—like Petitioners—who are suspected of being unlawfully in the interior, granting [the Department of Homeland Security] authority to detain those aliens at its discretion pending removal proceedings, subject to the bond and conditional parole provisions"); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).  The Court therefore **RECOMMENDS** that the Petition [DE 1] be **GRANTED** insofar as Respondents be ordered to, **within five days**, either afford Petitioner an individualized bond hearing before an Immigration Judge or release him.

While a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), this case warrants a shorter objection period.  **Within three days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 14th day of May, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE